United States District Court
for the
Southern District of New York

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR CARLSBAD FUNDING MORTGAGE TRUST<br><br>Plaintiff<br><br>v.<br><br>RICKELL GEORGE CLARKE, JUDITH MILLS CLARKE, CRIMINAL COURT OF THE CITY OF NEW YORK, NEW YORK CITY PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,<br><br>Defendant(s) | Civil Action No. 17-CV-9288<br><br>**COMPLAINT** |

Plaintiff, by its attorneys Gross Polowy, LLC, for its complaint against the Defendants allege as follows:

## INTRODUCTION

1. This action is brought pursuant to New York Real Property Actions and Proceeding Law (RPAPL) Article 13, to foreclose a Mortgage encumbering 2016 Nereid Avenue, Bronx, NY 10466, together with the land, buildings, and other improvements located on the Property ("Property"). The legal description of the Property is attached as Schedule A.

## PARTIES

2. Plaintiff is a Federal Savings Bank with its principal executive office at 500 Delaware Avenue, Wilmington, DE 19801. Plaintiff is the owner and holder of the subject Note and Mortgage or has been delegated authority to institute this Mortgage foreclosure action by the owner and holder of the subject Note and Mortgage. Attached here as Schedule B is a copy of the original note.

3. Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee is empowered to hold, manage, and dispose of assets of the Carlsbad Funding

Mortgage Trust and to prosecute legal actions on behalf of the Carlsbad Funding Mortgage Trust, including this mortgage foreclosure action. Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee has legal title to and manages the assets of the Carlsbad Funding Mortgage Trust, and controls the litigation on behalf of the Carlsbad Funding Mortgage Trust.

4. Defendant Rickell George Clarke is a citizen of New York, and the owner of the Property.

5. Defendant Criminal Court of the City of New York is a city department existing under the laws of North Dakota with its principal place of business in New York, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

6. Defendant New York City Parking Violations Bureau is a city department existing under the laws of New York with its principal place of business in New York, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

7. Defendant New York City Environmental Control Board is a city department existing under the laws of New York with its principal place of business in New York, and the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage.

8. The Defendants claim an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to Plaintiff's Mortgage. The interest or lien of each defendant is attached as Schedule C.

9. The interest or lien of any governmental entity is attached as Schedule D.

## STATEMENT OF JURISDICTION

10. Federal subject matter jurisdiction exists pursuant to 28 USC §1332 because complete diversity exists among the Plaintiff and the Defendants and the amount in controversy, without interest and costs, exceeds the $75,000.00.

## VENUE

11. Venue is proper pursuant to 28 USC §1391 because the Property is located in this District and a substantial part of the events and omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

12. On or about April 30, 2007, Rickell George Clarke executed and delivered a Note whereby Rickell George Clarke promised to pay the sum of $452,000.00 plus interest on the unpaid amount due. The terms of the Note were subsequently modified on February 23, 2010.

13. As security for the payment of the Note Rickell George Clarke duly executed and delivered a Mortgage, in the amount of $452,000.00 which was recorded as follows.
Recording Date: May 21, 2007
CRFN 2007000263253
City Register of the City of New York, Bronx County

14. Said Mortgage was subsequently modified by a Loan Modification Agreement executed by Rickell George Clarke on February 23, 2010 and recorded January 4, 2013 in CRFN 2013000004237 in the City Register of the City of New York, Bronx County.

15. The Note and Mortgage was ultimately delivered to Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, not individually but as Trustee for Carlsbad Funding Mortgage Trust.

16. Rickell George Clarke failed to make payment in accordance with the terms of the Note and Mortgage by not making the payment that was due on January 1, 2012 and subsequent payments.

17. There is now due and owing on the Note and Mortgage the following amounts:

Principal Balance: $478,567.16
Interest Rate: 2%
Date Interest Accrues from: December 1, 2011

together with late charges, monies advanced for taxes, assessments, insurance, maintenance, and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. The interest rate stated above may change in accordance with the adjustable rate feature of the Note.

18. In order to protect the value of the Property and its rights in the Property, the Plaintiff may have to pay taxes, assessments, water charges, insurance premiums, and other charges. Plaintiff requests that any amount it pays, together with interest, be included in the total amount due.

19. Plaintiff has complied with the notice provision of the Mortgage and RPAPL §1304 and filed the information required by RPAPL §1306. The Mortgage was originated in compliance with all provisions of Section 595-a of the New York Banking Law and any rules or regulations promulgated thereunder, and, if applicable, Sections 6-l or 6-m of the Banking Law.

20. No action was brought to recover any part of the Mortgage debt or if any such action is pending final judgment for Plaintiff was not rendered and it is the intent of the Plaintiff to discontinue it.

**WHEREFORE, PLAINTIFF DEMANDS**:

a. Judgment determining the amount due Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest;
b. A referee be appointed to sell the Property at auction to the highest bidder, in accordance with to RPAPL Article 13;
c. The interest of the defendants and all persons claiming by or through them be foreclosed and their title, right, claim, lien, interest or equity of redemption to the Property be forever extinguished;
d. The Plaintiff be paid out of the sale proceeds the amounts due for principal, interest, late charges, taxes, assessments, insurance, maintenance and preservation of the Property, and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, and that the sale proceeds be distributed in accordance with to RPAPL Article 13;
e. The property be sold in as is condition, subject to the facts an inspection or accurate survey of the Property would disclose, covenants, restrictions, easements and public utility agreements of record, building and zoning ordinances and violations, and the equity of redemption of the United States of America;
f. Plaintiff may purchase the Property at the sale;
g. A receiver be appointed for the Property, if requested by Plaintiff;
h. A deficiency judgment against Rickell George Clarke, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in a bankruptcy or is otherwise uncollectable, be granted if requested by Plaintiff;
i. If the Plaintiff possesses other liens against the Property, they not merge with the Mortgage being foreclosed and that Plaintiff, as a subordinate lien holder, be allowed to share in any surplus proceeds resulting from the sale;
j. That the Court award Plaintiff additional relief that is just, equitable and proper.

Dated: October 9, 2017
Westbury, New York

By: /s/ Stephen Vargas
Stephen J. Vargas, Esq.
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
Tel.: (716)204-1700

## Schedule A - Legal Description

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of Nereid Avenue, distant 22.33 feet westerly from the corner formed by the intersection of the southerly side of Nereid Avenue with the westerly side of DeReimer Avenue;

RUNNING THENCE southerly and parallel with DeReimer Avenue and part of the distance through a party wall, 100.09 feet;

THENCE westerly parallel with Nereid Avenue 27.67 feet;

THENCE northerly again parallel with DeReimer Avenue, 100.09 feet to the southerly side of Nereid Avenue; and

THENCE easterly along the southerly side of Nereid Avenue, 27.67 feet to the point or place of BEGINNING.

## Schedule B

Attached here as Schedule A is a copy of the original note. If applicable, certain non-public personal information has been redacted from the attached document.

## Schedule C-Defendants

| | |
|---|---|
| Rickell George Clarke | Borrower |
| Judith Mills Clarke | Named herein as a party Defendant for possible interest in the premises being foreclosed herein as named party plaintiff in action filed July 6, 2016 at Index No. 302380/2016 |

## Schedule D – Defendants

| | |
|---|---|
| Criminal Court of the City of New York | Holder of a lien, see attached |
| New York City Parking Violations Bureau | Holder of a lien, see attached |
| New York City Environmental Control Board | Holder of a lien, see attached |

City Register of the City of New York, Bronx County is directed to index this Notice against the names of all the Defendants

DATED: October 9, 2017

BL No.: BLOCK 5057, LOT 39

*[signature]*
Stephen J. Vargas, Esq
Gross Polowy, LLC
Attorneys for Plaintiff
900 Merchants Concourse, Suite 412
Westbury, NY 11590
(716)204-1700